# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**GENBIOPRO, INC.**                                                  **PLAINTIFF**

**V.**                       **C.A. NO. 3:20-CV-00652-HTW-LRA**

**DR. THOMAS DOBBS, STATE HEALTH OFFICER**    **DEFENDANTS**
**OF THE MISSISSIPPI DEPARTMENT OF HEALTH,**
**IN HIS OFFICIAL CAPACITY**

## GENBIOPRO, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO REDACT

On June 8, 2022, this Court held a hearing on Defendant's Motion to Dismiss. During the hearing, the Court and Counsel engaged in colloquy regarding Plaintiff's share of the mifepristone market. The information, while relevant to the issue of Plaintiff's standing, is also highly sensitive commercial information tracked by Plaintiff but not generally known by the public. For that reason, and in compliance with Section 11 of this Court's Administrative Procedures for Electronic Filing and the Court's Transcript Redaction Policy, Plaintiff requests that the Court enter an order redacting the references to Plaintiff's share of the market found on pages 28, lines 2, 5, and 9 of the June 8, 2022 transcript. More specifically, Plaintiff requests that the Court order redaction of the numbers that appear before the word "percent" on each of those lines.

This Court previously granted Plaintiff's motion to redact similar market share information that was included in the transcript for the March 25, 2021 hearing on Defendant's Motion to Dismiss. Dkt. 25. For the same reasons as previously articulated in Plaintiff's Motion to Redact the March 25, 2021 transcript, Dkt. 22, and as stated below, Plaintiff asks that the Court grant the present Motion to Redact.

**Standard of Review**

The public has a general right to inspect and copy public records including judicial records and documents. *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 (1978). Courts may nevertheless seal judicial records when those records contain particularly sensitive business information, and the decision of whether to do so is committed to the sound discretion of the district court, which must "balance the public's common-law right of access against the interest favoring nondisclosure." *SEC v. Van Waevenberghe*, 990 F.2d 845, 849 (5th Cir. 1993).[1]

Further, while trial courts must apply a "presumption in favor of the public's common law right of access[,]" *id.*, the presumption does not create a special burden of proof and simply informs the manner in which the trial court is to conduct its analysis. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443 (5th Cir. 2019) ("[T]his court has repeatedly refused to so characterize the public access presumption as 'strong' or require a strong showing of proof.") In addition,

> [f]ederal courts routinely limit the public's access to commercially sensitive and proprietary information. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999). Otherwise a competitor could use such information for the improper purpose of obtaining a business advantage over the disclosing party. See Local Rule 79; *PIC Group, Inc. v. Landcoast Insulation, Inc.,* No. 1:09cv662-KS-MTP, 2010 WL 4791710 (S.D. Miss. Nov. 18, 2010) ("The Uniform Local Rules allow parties to file sensitive documents under seal."); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers); *Shell Expl. & Prod. Co. v. Robinson*, No. 01-1417, 2001 WL 1490954, *1 (E.D. La. Nov. 21, 2001) (granting motion to seal portion of trial transcript containing confidential technological information).

---

[1] Of some note, these cases deal with sealing, not redaction.  Here, Plaintiff is only requesting three, limited redactions.  Redaction is less drastic than sealing an entire document and is a preferred remedy where available. *E.g.*, *Veasey v. Perry*, 769 F.3d 890, 896 (5th Cir. 2014) (ordering partial redaction as alternative to sealing).

*Rodriguez v. United Rentals (N. Am.), Inc.*, No. 1:16CV391-LG-RHW, 2018 WL 4185375, at *1 (S.D. Miss. Aug. 31, 2018).

## Argument

In the United States, two companies sell versions of mifepristone—Danco and Plaintiff. Danco sells the brand-name drug and Plaintiff sells the generic version. Plaintiff is not publicly-traded; rather, it is a closely-held entity. Declaration of Thomas Leonard at ¶ 3. Plaintiff strictly protects its sales information from Danco specifically and from the public in general. *Id.* at ¶¶ 5-6. *Id.* Plaintiff would be harmed if Danco or other third parties had access to its sales data or market share information, in that those third parties could use the sales volume to determine how and whether the Plaintiff's business strategies were working, and attempt to appropriate those strategies. *Id.* at ¶ 7.

As this Court has held, "[f]ederal courts routinely limit the public's access to commercially sensitive and proprietary information[,]" because with open access to such information, "a competitor could use such information for the improper purpose of obtaining a business advantage over the disclosing party." *Rodriguez*, 2018 WL 4185375, at *1 (S.D. Miss. Aug. 31, 2018); *see also Haley v. Merial,* No. 409CV00094GHDJMV, 2013 WL 12213925, at *2 (N.D. Miss. Feb. 28, 2013) (granting motion for redaction and sealing hearing transcript where "testimony refers to some facts or figures of genuine competitive or commercial significance that could subject Defendants to a competitive market disadvantage.") Moreover, in response to GenBioPro's Motion to Redact the March 25, 2021 hearing transcript, Dkt. 22, which sought to redact similar market share information and percentages, the Court found that GenBioPro had "articulated a sufficient basis for a limited redaction of the March 25, 2021 hearing transcript, having explained with detailed, sworn testimony that public disclosure of its market share would place aspects of its

business at risk." Dkt. 25. The market share information included in the June 8, 2022 transcript presents GenBioPro's business with the same risk if it were to become public.

As previously recognized, the Court should allow redaction of these limited portions of the transcript given the harm that likely would otherwise befall Plaintiff. Plaintiff requests that the Court enter an order requiring redaction of page 28, lines 2, 5, and 9 of the June 8, 2022 transcript.

Dated: July 18, 2022

Respectfully submitted,

GENBIOPRO, INC.

By Its Attorneys,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC


By: *s/ J. Carter Thompson, Jr.*
    J. CARTER THOMPSON, JR.

OF COUNSEL:

J. Carter Thompson, Jr. (MSB No. 8195)
cthompson@bakerdonelson.com
D. Sterling Kidd (MSB #103670)
skidd@bakerdonelson.com
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400 (ZIP 39211)
Post Office Box 14167
Jackson, MS 39236-4167
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

U. Gwyn Williams (admitted *pro hac vice*)
gwyn.williams@lw.com
Kenneth J. Parsigian (admitted *pro hac vice*)
kenneth.parsigian@lw.com
Avery E. Borreliz (admitted *pro hac vice*)
avery.borreliz@lw.com
LATHAM & WATKINS LLP
200 Clarendon Street, 27th Floor
Boston, MA 02116
Telephone: (617) 880-4500